**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COREY RICHARD HORNE, | : | CIVIL ACTION NO. **1:11 CV-1062** |
| Petitioner | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| THOMAS KEARNEY, District Attorney, York County, and MARY SABOL, Warden York County Prison, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On June 2, 2011, Petitioner, Corey Richard Horne, an inmate at the York County Prison ("YCP"), York, Pennsylvania, filed, *pro se,* this Habeas Corpus Petition pursuant to 28 U.S.C. § 2254.[1] (Doc. 1). Included with Petitioner's 3-page typed Habeas Petition are attached exhibits. Petitioner paid the filing fee. (Doc. 4). Petitioner filed a 2-page supplement to his Habeas Petition on July 7, 2011. (Doc. 5).

According to Exhibit 1 attached to Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), namely April 2011 articles from the York Daily Record pertaining to Petitioner's case in York County, Pennsylvania:

---

[1] A Writ of Habeas Corpus under §2254 is proper for challenging a detainer on the ground that prosecution of the underlying charges would be unconstitutional. *See United States ex rel. Jennings v. State of Pennsylvania*, 429 F.2d 522, 523 (3d Cir. 1970)(the Third Circuit held that a prisoner subject to an out-of-state detainer may file a habeas petition under 28 U.S.C. §2254 seeking an order directing the warden to release custody of him).

> [Petitioner] pleaded guilty to armed robbery in Maryland in July 2009 and was sentenced to 20 years in prison in October 2009.  In March 2010, he was extradited to Franklin County [Pennsylvania] to face robbery charges there.  He was convicted and sentenced to six to 15 years in state prison on Dec. 22.  He was transferred the following day to York County Prison.[2]

The articles also indicate that Petitioner was charged "with four York County bank robberies." (Doc. 1, Ex. 1).  Further, the articles state as follows:

> Common Pleas Court Judge Richard K. Renn dismissed the robbery charges against Corey Richard Horne on Wednesday "with prejudice," which means the district attorney's office cannot re-file the charges.
>
> Renn ruled the commonwealth had failed to bring Horne, 42, to trial within the time period mandated by the interstate agreement on detained prisoners.

(*Id*.).

Additionally, the articles state as follows:

> Before Horne could be sent back to Maryland, the district attorney's office ordered the prison to hold him pending an appeal.
>
> James Zamkotowicz, deputy prosecutor, said Tuesday his office could order Horne to be held here because the appeal essentially stays Renn's order dismissing the charges.
>
> Adam Witkonis, assistant public defender, argued that parameters of the interstate agreement require Horne to be returned to Maryland immediately.
>
> Zamkotowicz said the same agreement holds that once Horne is returned to Maryland without being prosecuted here,

---

[2] http://ujsportal.pacourts.us/DocketSheets/CP.aspx CP-28-CR-0000737-2010, reveals that Petitioner was convicted by a jury in Franklin County on October 14, 2010, and that he was sentenced on December 22, 2010.

2

>Maryland does not have to sed him back to York County if the
>bank robbery charges are reinstated.

(*Id.*).

Petitioner is currently being held at York County Prison, after being extradited from Maryland pursuant to the Interstate Agreement on Detainers ("IAD"). (Doc. 1, p. 1). The York County bank robbery charges against Petitioner were dismissed with prejudice by the York County Court of Common Pleas on April 13, 2011.[3] The York County Court found that Petitioner was not tried within the required time period under the IAD by the York County District Attorney's Office after he was extradited to York County. The District Attorney's Office appealed the dismissal of Petitioner's charges to the Pennsylvania Superior Court on April 18, 2011. The District Attorney's Office directed YCP to continue custody of Petitioner while its appeal was pending. Also, on April 18, 2011, Petitioner, through his counsel, filed a Motion to Compel in York County Court seeking the District Attorney's Office to release him back to Maryland. On April 26, 2011, the York County Court denied Petitioner's Motion to Compel holding that it lost jurisdiction over Petitioner's case when the District Attorney's Office appealed the dismissal of the charges to the Pennsylvania Superior Court.[4] Further, in the appeal case pending before the Pennsylvania Superior Court, the District Attorney's Office filed an Application for Stay of proceedings and to maintain custody of

---

[3] Petitioner has attached copies of the four April 13, 2011 Orders of the York County Court dismissing the four (4) bank robbery charges against him to his habeas petition, Doc. 1, Ex. 2.

[4] Petitioner has attached to his habeas petition a copy of the April 26, 2011 Order of the York County Court denying his Motion to Compel the DA to release him from custody and send him back to Maryland. Doc. 1, Ex. 3. The Court stated that "Court lost jurisdiction to change status quo when Commonwealth filed appeal - Pa.R.App. P. 1701.

Petitioner on April 21, 2011. The Superior Court Docket Sheet indicates that on June 17, 2011, the Superior Court issued an Order directing as follows:

> Upon review of the motion of Appellant, the Commonwealth, to stay proceedings and maintain custody of Appellee, defendant below, as well as Appellee's answer to the motion to stay proceedings, and noting the trial court's order of April 26, 2011, the Commonwealth's motion is hereby DENIED as moot under Pa.R.A.P. 1701(a) (after an appeal is taken, the trial court may no longer proceed further in the matter). Decision on Appellee's counter-application for relief is hereby DEFERRED to the panel assigned to decide the merits of the appeal.[5]

To date, the Superior Court has not yet ruled on the appeal filed by the District Attorney's Office. The Superior Court Docket Sheet indicates that the District Attorney's Office appellate brief is due on August 2, 2011, and that the record from the trial court was just recently received on June 23, 2011. Petitioner remains in custody of YCP while the appeal of the District Attorney's Office of the York County Court's April 13, 2011 Order dismissing the charges against Petitioner with prejudice is pending with the Superior Court. In his instant habeas petition, Petitioner claims that his continued detention in YCP is illegal since the York County criminal charges against him were dismissed with prejudice and he seeks this federal court to "order a hearing to determine the merits" of his claims. (Doc. 1, p. 3 and Doc. 5, p. 2). Thus, Petitioner basically seeks this federal court to decide if his continued detention in YCP is illegal since the York County criminal charges against him were dismissed with prejudice and if he should be returned to Maryland so that he

---

[5] We obtained a copy of the Docket Sheet from the York County Court at http://ujsportal.pacourts.us/DocketSheets/CP.aspx. We obtained a copy of the Docket Sheet in Petitioner's case, 683 MDA 2011, from the Pennsylvania Superior Court at http://ujsportal.pacourts.us/DocketSheets/Appellate.aspx.

could finish serving his 20-year sentence there.

Petitioner's instant habeas petition has not yet been served on Respondents. We now give preliminary consideration to Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.).[6]

## II. State Procedural Background.

Petitioner's Exhibit 1 indicates that Petitioner pled guilty to armed robbery in Maryland and he was sentenced to 20 years in prison. Petitioner was then extradited from Maryland to Franklin County, Pennsylvania. After his jury trial in Franklin County on October 14, 2010, where he was found guilty of robbery[7], Petitioner was subsequently transported to York County, Pennsylvania, to face prosecution on four pending bank robbery charges. On March 29, 2011, Petitioner filed a Motion to Dismiss[8] the following four York County cases against him: CP-67-CR-702-2011, CP-67-CR-703-2011, CP-67-CR-704-2011, CP-67-CR-706-2011. On April 13, 2011 Judge Richard Renn, Court of Common Pleas ("CCP"), York County, dismissed the four criminal cases against Petitioner,

---

[6] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[7] 18 Pa. C.S.A. 3701 (a)(1)(ii).

[8] Petitioner attached a copy of his Motion to Dismiss to his habeas petition, Doc. 1, Ex. 4.

i.e. CP-67-CR-702-2011, CP-67-CR-703-2011, CP-67-CR-704-2011, CP-67-CR-706-2011, and the charges were nol prossed and costs were imposed on the County. (Doc. 1, Petitioner's attached Exhibit 2, York CCP April 13, 2011 "Pre-Trial Order[s] of Court – Criminal").

In the April 27, 2011 newspaper article Petitioner attached as an exhibit to his petition, it indicates:

> [Judge] Renn dismissed the York County charges under an interstate agreement that requires prisoners sent to other jurisdictions to be tried within specific time periods. Earlier this month, he ruled the district attorney's office had failed to do that in Horne's cases.
>
> Also, the article stated:[9]
>
> The [York] County District Attorney's Office says the dismissal of those charges [against Petitioner Horne] by Judge Richard K. Renn two weeks ago was a mistake and the charges should be reinstated.
> Tuesday, after hearing from both sides, [Judge] Renn determined that, since the prosecution already has appealed his decision to the Pennsylvania Superior Court, both sides can make their arguments over Horne in front of that Court.

(Doc. 1, Ex. 1).

Thus, as stated, on April 26, 2011, the York County Court denied Petitioner's Motion to Compel the DA to release him from custody at YCP and to return him to Maryland since it found that it no longer had jurisdiction over Petitioner 's case due to the appeal of the DA.

---

[9] Petitioner's petition also indicates Judge Renn granted and dismissed with prejudice the outstanding cases against him in York County, and that the Commonwealth has appealed that decision to the Pennsylvania Superior Court. (Doc. 1, pp. 2-3).

**III. Habeas Claims.**

Petitioner claims:

[T]he Commonwealth of Pennsylvania has violated the petitioners' (sic) Constitutional & other Rights in accordance with the 6th & 14th Amendment to the U.S.Const., Art. 1, section 9 of the Pennsylvania Const. (Speedy Trial, due process, equal protection) and Art. IV (c), Art. (c) (e) of the Interstate Agreement on detainers and purposely continues to violate those rights by petitioners' (sic) continued detention in York County Prison [...].

(Doc. 1, p. 1).

Petitioner contends:

The District Attorney's office has overstepped its authority by **ordering** the Sheriff, York County Prison not to transport petitioner or notify the state of Maryland as clearly directed by the mandate and purpose of the I.A.D. [...].

(*Id.*, p. 2).

Petitioner also claims that:[10]

[P]etitioners' (sic) continued detention in Pennsylvania is illegal and cannot be justified on the pretense of '**If**' the charges are re-instated on Appeal [...].

(*Id.*).

Petitioner requests this Court to order a hearing to determine the merits of his claims that he should be released from YCP custody and returned to Maryland.   (Doc. 1, p. 3).

As mentioned, Petitioner filed a Supplement to his habeas petition on July 7, 2011. (Doc. 5).  In his Supplement to his petition, Petitioner contends that "Casus Omissus exists to the extent that the Interstate Agreement on Detainers is silent on the issue of continued custody in a receiving

---

[10]Petitioner essentially argues due to Judge Renn's dismissal of the four York County charges against him with prejudice, the Commonwealth of Pennsylvania can not detain him while awaiting the completion of the appeals process.

state for the purposes of appeals, post sentence motion hearing and/or post convictions." (Doc. 5, p. 1). Petitioner further claims as follows in his Supplement to his petition:

4. That the district attorney has **self determined** that it has the authority for continued temporary custody of the petitioner during its appeal of the dismissal of his criminal information **with** prejudice by the Court of Common Pleas of York County.

5. That the Eleventh Circuit of the United States Court Of Appeals has held in United States v. Knight, 562 F.3d 1314 (2009) that a dismissal of an indictment **without** prejudice **did not** produce a final resolution of the charges in accordance within the definition of the Interstate Agreement On Detainers.

6. That when the United States is the receiving state it can dismiss **with or without** prejudice an option the Commonwealth of Pennsylvania does not share.

7. That without such an option the Court of Common Pleas of York County granted the only possible remedy available, a dismissal **with** prejudice "detainer . . . shall cease to be of any force or effect" thus triggering Article V(d)( and (e) of the I.A.D. the required return of the prisoner to the sending state.

8. That if the detainer/information ceases to be of any further force or effect, then there **can not** be any authority for Pennsylvania continued custody of the petitioner.

9. That if the custody is not authorized then it is **illegal.**

10. That per Knight a "dismissal **without prejudice did not produce a final resolution** of the charges against him" It is a necessary **implication that a dismissal with prejudice would produce a final resolution/disposition.**

11. That no adequate state remedy exist for the petitioner to pursue other then (sic) to sit in Pennsylvania custody and await an appellant (sic) court decision in excess of two years from petitioners arrival in the state.

(*Id.*, p. 2).[11]

## IV. Discussion.

As a preliminary matter, we find that this Court has jurisdiction over Petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2254 in which he claims that his continued detention in YCP based on the IAD is illegal.  See *Rockwell v. Sobina*, 2010 WL 5583816, *1 (W.D. Pa. 12-13-10).

In *Rockwell v. Sobina*, 2010 WL 5583816, *1, the Court stated:

The IAD is a compact among 48 states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. It is a congressionally sanctioned interstate compact within the meaning of the Compact Clause of the United States Constitution, U.S. Const. Art. I § 10 cl. 3, and thus is a federal law subject to federal construction. *New York v. Hill,* 528 U.S. 110, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) (citations omitted); *Johnson v. Williams,* 666 F.2d 842, 844 n. 1 (3d Cir.1981) ("[T]he IAD has been held to constitute a law of the United States[.]") (citations omitted). It is codified in Pennsylvania at 42 Pa.C.S. § 9101 *et seq.*

See also *Lewis v. Nelson*, 2007 WL 1575061, *1, n. 2 (E.D. Pa. 5-30-07)("the [IAD] is an interstate compact governing the procedures by which incarcerated persons may be transferred from one state's custody to another state's custody.").  Pennsylvania is a party to the IAD. *Id*.

The Court in *Rockwell v. Sobina*, 2010 WL 5583816, *2, also stated:

The IAD establishes procedures for member states to effect the expeditious and orderly disposition of out-of-state criminal charges pending against persons incarcerated in state institutions. In relevant part, it provides for the delivery of temporary custody of a prisoner to the receiving state for trial prior to the completion of a prisoner's sentence in the sending state. And, it seeks to minimize the consequent interruption of the prisoner's ongoing prison term and prevent prosecutorial abuses of the detainer that potentially allow a prisoner to languish in a separate jurisdiction under the

---

[11]This case was referred to the undersigned for a Report and Recommendation.

> constant but uncertain threat of further prosecution. IAD Art. I; *See, e.g., McCandless v. Vaughn,* 172 F.3d 255 (3d Cir.1999); *Cooney v. Fulcomer,* 886 F.2d 41 (3d Cir.1989).
>
> The IAD provides at Article III(a) that:
> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, *and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner,* he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint[.]
>
> (Emphasis added). If the prisoner requests final disposition of those charges, then the receiving state must bring him to trial within 180 days of his request for disposition of the charges or dismissal of those charges will result. IAD Art. III(a)-(d).

Petitioner Horne seeks this Court to "order a hearing to determine the merits [of his claims]." (Doc. 5, p. 2). Petitioner contends that he should be released from custody at YCP and returned to Maryland since the York County Court dismissed the four York County charges against him with prejudice. Petitioner claims that he should not have to remain in YCP while the appeal of the dismissal of the York County charges against him is pending and, that he does not have any adequate state court remedies.

We find Petitioner's present habeas petition premature. We find that Petitioner does have adequate state court remedies and that since an appeal is presently pending before the Pennsylvania Superior Court, this federal court should not interfere at this juncture. Before the merits of the petition may be discussed, a federal court must consider whether petitioner has exhausted his state remedies. Exhaustion is required in habeas cases as a matter of comity in order

10

to give state courts the initial opportunity to correct their own errors. *See Lambert v. Balckwell*, 387 F. 3d 210, 231 (3d Cir. 2004); *Lewis v. Nelson*, 2007 WL 1575061, *2. In this case, Petitioner is challenging his continued detention in YCP but he has not yet exhausted his remedies available in the Pennsylvania courts.

As stated in his habeas petition (Doc. 1) and as demonstrated by the Pennsylvania Superior Court Docket Sheet, the York County District Attorney's Office has filed an appeal of CCP Judge Renn's decision to dismiss with prejudice the four charges against Petitioner in York County, Pennsylvania. Since this appeal is currently pending, Petitioner has not exhausted all of his state remedies.

Ordinarily, a state prisoner must exhaust his state court remedies before the federal courts consider the claims. 28 U.S.C. §2254(b); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

In *Dunn v. Wynder*, 2006 WL 2850631, *1 (M.D. Pa.), the Court stated:

> Generally, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first exhausted his state court remedies. FN3 *Lee v. Stickman,* 357 F.3d 338, 341 (3d Cir.2004), citing 28 U.S.C. §§ 2254(b) and (c); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer,* 941 F.2d 246, 249 (3d Cir.1991).
>
> FN3. Exhaustion is excused if there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant. *Lines v. Larkins,* 208 F.3d 153, 163 (3d Cir.2000), quoting 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Hence, exhaustion is not required if there is inordinate delay in state procedures, *id.* at 250, or if state officials have obstructed the petitioner's attempts to

> obtain state remedies." *Id.* at 163, citing *Mayberry v. Petsock,* 821 F.2d 179 (3d Cir.1987).

*Lee v. Stickman*, 357 F. 3d 338, 341 (3d Cir. 2004). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Parker*, 429 F.3d 61-62; *Shelley v. Patrick*, 2008 WL 2234639 (W.D. Pa.).

As the Court stated in *Bentley v. Tennis*, 2010 WL 5140029, 5-6 (M.D. Pa. 12-9-10):

> "The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. *Picard v. Conner*, 404 U.S. 270, 274 (1971). Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997).

In the instant case, it is clear that Petitioner Horne has not "fairly presented" all the issues raised in his habeas petition in state court.

The *Dunn* Court stated:

> A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000), citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997). Petitioner has not exhausted his state court remedies. He currently has pending a PCRA petition in the Mifflin County Court of Common Pleas. It appears that on August 24, 2006, a motion to dismiss the petition was filed by the District Attorney's Office. The motion has not yet been addressed by the county court. This court must allow the PCRA proceedings to conclude before entertaining the pending habeas corpus petition. To avoid the risk that a second 2254 petition will be barred by the expiration of the one-year statute of limitations while Petitioner is exhausting state court remedies, the court must decide whether to stay the instant petition rather than dismiss it. *See Crews v. Horn,* 360 F.3d 146 (3d Cir.2004).
>
> Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a 2254 petition. For our purposes, that period starts to run from the

> date the conviction becomes final, defined in section 2244(d)(1)(A) as the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The limitations period is also tolled for the time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. 2244(d)(2).
>
> Given the procedural history of the state post-conviction proceedings, the court can dismiss this petition rather than stay it because, even on the strictest calculation of the limitations period, Petitioner still has time to return to federal court after exhausting state court remedies.

2006 WL 2850631, *1-*2.

In *Lewis v. Nelson*, 2007 WL 1575061, *3, the Court stated:

> In the instant case, Petitioner's claim is unexhausted because he never raised his IAD claim in the Pennsylvania State Court system. The exhaustion requirement applies to claims of IAD violations, just as it applies to any other habeas claim. *See McCandless v. Vaughn,* 172 F.3d 255 (3d Cir.1999).
>
> **********************************************************************
>
> Since Pennsylvania is the jurisdiction that issued the detainer, only Pennsylvania has an interest in having Petitioner exhaust his state remedies before bringing a habeas challenge against the detainer under the IAD. *See Cameron v. Taylor,* 2007 WL 542377 (D.N.J. Feb.16, 2007). Accordingly, since Petitioner did not bring this claim in the Pennsylvania State Court system, his claim is unexhausted and should be dismissed on that basis.

It appears that under the IAD, if the York County District Attorney's Office sent Petitioner Horne back to Maryland while its appeal was pending without trying him on the four robbery charges that led to the detainer being issued, then these charges Petitioner was not tried on would be dismissed even if the DA was later successful in its appeal to the Pennsylvania Superior Court.

Petitioner Horne states "that no adequate state remedy exist[s] for the petitioner to pursue other then (sic) to sit in Pennsylvania custody and await an appell[ate] court decision in excess of

13

two years from petitioner[']s arrival in the state." (Doc. 5, p. 2).   Petitioner does not desire to wait for the state appellate court to decide the District Attorney's appeal.  Rather, he is requesting this Court to decide issues which he can raise in the state court appeal.  We find that Petitioner should first be required to exhaust his claims challenging his detention in YCP and his York County robbery charges in the Pennsylvania State Courts.  We also find that Petitioner Horne has adequate state court remedies available to him and that these remedies are in the process of being utilized.

Petitioner also requests this federal court to order a hearing to determine the merits of his claims.  (Doc. 1 and Doc. 5).  However, as discussed, it is clear that Petitioner's challenge to his York County charges and YCP detention is not fully exhausted in the Pennsylvania State Courts. Thus, we will recommend that Petitioner Horne's habeas petition be dismissed without prejudice, and we will not recommend that this federal court conduct a hearing.

We find that exhaustion has not been completed in this case and that exhaustion is not futile.  We find that Petitioner must exhaust his available state court remedies with respect to his claims challenging his York County detention.  We also find, based on the pending state court appeal, that dismissal without prejudice of Petitioner's habeas petition is appropriate as opposed to staying this case since Petitioner's one year AEDPA limitation period will not commence to run while the appeal is pending .  *See Myers v. Warden of SCI-Albion,* 2010 WL 1838178 (M.D. Pa. 5-6-10).

We find that the present habeas petition should be dismissed without prejudice to re-file it after Petitioner completes exhaustion regarding his challenge to his YCP detention.  We find that the CCP and the state appellate courts should first be given the opportunity to resolve the pending

appeal regarding the dismissal of Petitioner's charges with prejudice in York County. Since the state courts have not yet had an opportunity to address the merits of Petitioner's claims attacking his detention, his present habeas petition should be dismissed without prejudice, to the extent it raises cognizable claims, to re-file it after he exhausts his state court remedies.

**V.  Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Horne's Petition for Writ of Habeas Corpus (**Doc. 1)** be summarily dismissed without prejudice.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: July 18, 2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY RICHARD HORNE, | : | CIVIL ACTION NO. **1:11 CV-1062** |
| | : | |
| Petitioner | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS KEARNEY, | : | |
| District Attorney, York County, and | : | |
| MARY SABOL, | : | |
| Warden York County Prison, | : | |
| | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 18, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *Defendant novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings

16

or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                             **s/ Thomas M. Blewitt**
                                             **THOMAS M. BLEWITT**
                                             **United States Magistrate Judge**

**Dated: July 18, 2011**