**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COREY RICHARD HORNE, | : | CIVIL ACTION NO. **1:11 CV-1062** |
| | : | |
| Petitioner | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS KEARNEY, | : | |
| District Attorney, York County, and | : | |
| MARY SABOL, | : | |
| Warden York County Prison, | : | |
| | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I.     BACKGROUND**

On June 2, 2011, Petitioner, Corey Richard Horne, a former inmate at the York

County Prison ("YCP"), York, Pennsylvania, filed, *pro se,* this Habeas Corpus Petition

pursuant to 28 U.S.C. §2254.[1]  (Doc. 1). Petitioner filed a 2-page supplement to his Habeas

Petition on July 7, 2011.  (Doc. 5). Petitioner alleges that he was illegally detained at YCP in

violation of the due process, equal protection and speedy trial clauses of the Sixth and

---

[1] A Writ of Habeas Corpus under §2254 is proper for challenging a detainer on the
ground that prosecution of the underlying charges would be unconstitutional.  *See United States
ex rel. Jennings v. State of Pennsylvania*, 429 F.2d 522, 523 (3d Cir. 1970)(the Third Circuit held
that a prisoner subject to an out-of-state detainer may file a habeas petition under 28 U.S.C.
§2254 seeking an order directing the warden to release custody of him).

Additionally, Petitioner has a separate case pending before the United States Court of
Appeals for the 3rd Circuit. In that case, pursuant to 42 U.S.C. § 1983, Petitioner alleges a civil
rights violation by Thomas Kearney, District Attorney, York County, and Mary Sabol, Warden,
York County Prison. (Civil No. 11-1378).

Fourteenth Amendments of the U.S. Constitution, Article 1, section 9 of the Pennsylvania Constitution, and Article IV (c)(e) of the Interstate Agreement on Detainers ("IAD") because the criminal charges filed against him in York County were previously dismissed. (Doc. 1). He alleges that he was illegally detained at YCP while the appeal of dismissal of York County charges against him was pending, and the absence of any adequate state court remedy has led him to file this first Habeas Petition. (Doc. 1).

As mentioned, Petitioner filed a Supplement to his habeas petition on July 7, 2011. (Doc. 5).  In his Supplement to his petition, Petitioner contends that "Casus Omissus exists to the extent that the Interstate Agreement on Detainers is silent on the issue of continued custody in a receiving state for the purposes of appeals, post sentence motion hearing and/or post convictions."  (Doc. 5, p. 1).  Petitioner further claims as follows in his Supplement to his petition:

4.    That the district attorney has self determined that it has the authority for continued temporary custody of the petitioner during its appeal of the dismissal of his criminal information with prejudice by the Court of Common Pleas of York County.

5.    That the Eleventh Circuit of the United States Court Of Appeals has held in United States v. Knight, 562 F.3d 1314 (2009) that a dismissal of an indictment without prejudice did not produce a final resolution of the charges in accordance within the definition of the Interstate Agreement On Detainers.

6.    That when the United States is the receiving state it can dismiss with or without prejudice an option the Commonwealth of Pennsylvania does not share.

7.    That without such an option the Court of Common Pleas of York County granted the only possible remedy available, a dismissal with prejudice "detainer . . .  shall cease to be of any force or effect"

2

thus triggering Article V(d) and (e) of the I.A.D. the required return
of the prisoner to the sending state.

8.      That if the detainer/information ceases to be of any further force
or effect, then there can not be any authority for Pennsylvania continued
custody of the petitioner.

9.      That if the custody is not authorized then it is illegal.

10.     That per Knight a "dismissal without prejudice did not produce a
final resolution of the charges against him" It is a necessary
implication that a dismissal with prejudice would produce a
final resolution/disposition.

11.     That no adequate state remedy exist for the petitioner to pursue
other then (sic) to sit in Pennsylvania custody and await an appellant
(sic) court decision in excess of two years from petitioners arrival in
the state.

(*Id.*, p. 2).[2]

On July 18, 2011, we issued a Report and Recommendation that Petitioner's Habeas

Corpus Petition be summarily dismissed because Petitioner had not exhausted available

adequate state court remedies. (Doc. 6). Furthermore, we found that his Habeas Petition

was premature because of the pending appeal. (*Id*.). Therefore, because Petitioner had not

exhausted his state remedies, and because of the pending appeal, we recommended that his

Petition be dismissed without prejudice , and reiterated that Petitioner could re-file his

habeas claims if he exhausted all available remedies. (*Id*)

On July 29, 2011, Petitioner filed Objections to our R&R, arguing that he has

exhausted his state remedies because he presented his detainment issue to the Pennsylvania

_____

[2]This case was referred to the undersigned for a Report and Recommendation.

Superior Court in Motion for Relief, but the court deferred decision on this motion to the panel assigned to decide the merits of the District Attorney's appeal. (Doc. 9, p. 2).

On August 16, 2011, the Court issued an Order adopting our R&R, thereby dismissing Petitioner's Writ of Habeas Corpus Petition without prejudice and directing the Clerk of Court's to close the case. (Doc 11, p.3). The Court agreed that Petitioner had adequate state remedies remaining that Petitioner must first exhaust before the Court can consider the merits of the Habeas Corpus Petition. (*Id*.).

On March 26, 2012, Petitioner filed a 3-paragraph Motion for Appointment of Counsel (Doc. 12)., a Brief in Support for this Motion (Doc. 13)., and a Motion to Amend his Petition for Habeas Corpus (Doc. 14).

Subsequently, on March 29, 2012, the Court issued an order granting Petitioner's Motion to Amend his Petition for Writ of Habeas Corpus. ( Doc. 15). Petitioner then filed his Amended Petition for Writ of Habeas Corpus on April 24, 2012. ( Doc. 17). Additionally, Petitioner included with his amended Petition a Memorandum in Support and three (3) exhibits. (*Id*.).

In his amended Habeas Petition, Petitioner requests that his present Petition and Memorandum in Support act as a supplement to all previous filings and documentation within the court's official record. (*Id*.). Further, he claims that the previous custody maintained by the Respondents was illegal and unauthorized.  (Doc. 17). Petitioner states that his rights vested within the IAD were violated and any conviction upon which the defendants could acquire thereafter that violation would be void as improperly obtained.

4

(*Id*.). In his Petition, Petitioner admits that all grounds for relief that he raised in his Petition have not been presented to the highest court having jurisdiction.  (*Id*.). When asked in his Petition to state which grounds have not been so presented and give reason(s) for not presenting them, Petitioner states, " Went to intermediate appellate court through Respondents appeal issues not addressed." ( Doc. 17).  As relief, Petitioner requests this Court to determine the legality of the extended custody during the Commonwealth's appeal and any trail court action on convictions thereafter. (*Id*.).

On April 25, 2012, the Court issued an Order directing the Clerk of Courts to reopen the case, and referred the case to us.  (Doc.18). We then reviewed Petitioner's Motion to Appoint Council and Brief in Support ( Docs. 12 and 13, respectively). On May 3, 2012, we issued an Order denying Petitioner's Motion to Appoint Council.  (Doc. 20).

On April 27, 2012, Respondents filed a Motion to Dismiss Petitioner's Habeas Petition for Failure to Exhaust State Court Remedies. (Doc. 19). Respondents' Motion contains a supporting brief and five (5) exhibits. We issued an Order requiring Petitioner to file a brief in Opposition of  Respondents' Motion to Dismiss. ( Doc. 21). Petitioner filed his reply on May 29, 2012. (Doc. 22).

## II.    STATE PROCEDURAL BACKGROUND

Charges were filed against Petitioner arising from a string of bank robberies that occurred between April 7 and May 11, 2009 in York County. (Doc. 19-3).  A warrant for his arrest was issued on May 21, 2009. (*Id*.). Eventually York County authorities determined that

Petitioner Horne was incarcerated in Maryland pursuant to a Maryland conviction.  (*Id*.). [3]
York County's Request for extradition under the IAD was not granted, and Petitioner Horne
was transferred to Franklin County, PA to face charges in that jurisdiction.(*Id*.). Horne was
ultimately sentenced on December 22, 2010, on the Franklin County charges and on the
same date was released to York County's custody. (*Id*.).

On March 29, 2011, Petitioner filed a Motion to Dismiss the following four York
County cases against him (CP-67-CR-702-2011, CP-67-CR-703-2011, CP-67-CR-704-2011,
CP-67-CR-706-2011) based on the issue of compliance with the time limitations imposed by
Article IV (c) of the IAD. (*Id*.). On April 13, 2011 Judge Richard Renn, Court of Common
Pleas ("CCP"), York County, found that the provisions of the IAD had been violated and
dismissed the  four criminal cases   (CP-67-CR-702-2011, CP-67-CR-703-2011, CP-67-CR-
704-2011 and CP-67-CR-706-2011) against Petitioner.  (Doc. 1, Exhibit 2).

On April 18, 2011, the Commonwealth appealed the CCP's decision to the Superior
Court. (Doc. 19-2).  Further, Petitioner filed a Motion to Compel the DA to release him from
custody at YCP and to return him to Maryland. On April 26, 2011, the York County Court
denied Petitioner's Motion to Compel because the Court found that it no longer had
jurisdiction over Petitioner 's case due to the appeal of the DA. Then, on February 14, 2012,
the Superior Court of Pennsylvania reversed the trial court's decision and remanded the
cases for further proceedings.(Doc.19-3). The Superior Court agreed with Commonwealth

---

[3] Petitioner pled guilty to armed robbery in Maryland and he was sentenced to 20 years
in prison.( Doc.1, Ex. 1)

that the trial court erred in finding the Commonwealth had violated the IAD without first

holding a hearing. (*Id*.). The Superior Court stated:

> The IAD provides for procedural rights and safeguards when a prisoner is extradited
> from a party state to another state. See 42 Pa. Cons. Stat. Ann. § 9109. The IAD
> provides in relevant part: (c) In respect to any proceeding made possible by this
> article, trial shall be commenced within 120 days of the arrival of the prisoner in the
> receiving state, but for good cause shown in open court, the prisoner or his counsel
> being present, the court having jurisdiction of the matter may grant any necessary or
> reasonable continuance. 42 Pa. Cons. Stat. Ann §9101, Article IV. Here, the trial
> court determined that trial had not be commenced within 120 days of Horne arriving
> in Pennsylvania. However, the Commonwealth is granted the opportunity to receive
> a necessary continuance for good cause. In the instant case, the Commonwealth was
> not provided the opportunity.

(Doc. 19-3).

On March 19, 2012, the trial court held an IAD hearing, and on March 23, 2012 the

trial court issued its opinion that the Commonwealth's time under the IAD had indeed been

tolled, resulting in the Court scheduling Petitioner Horne for trial. (Doc.19). On April 5,

2012, a jury found the defendant guilty in case CP-67-CR-0000703-2010 of Felony 2

Robbery, and lesser included offenses (York County Court of Common Pleas Docket #____).

On April 11, 2012 a jury found the defendant guilty in case CP-67-CR-0000702 of Felony 2

Robber, and lesser included offenses. (*Id*.). Additionally, Petitioner was found guilty on May

8, 2012 and May 16, 2012 in case numbers CP-67-CR-0000706-2010 and CP-67-CR-

0000704-2010, respectively. (York County Court of Common Pleas Docket # _____).

Petitioner Horne was sentenced on June 20, 2012 for all four (4) convictions.

On June 28, 2012, Petitioner appealed the CCP's decision in case numbers CP-67-

CR-02000702-2011 and CP-67-CR-02000703-201 to the Superior Court of Pennsylvania. (

n. 6.). To date, the Superior Court has not ruled on the appeals filed by Petitioner. (*Id*.).

However, Petitioner did not appeal the CCP's decision in case numbers CP-67-CR-02000704-2011 and  CP-67-CR-02000706-2011 to any Pennsylvania Court.

On July 6, 2012, Petitioner was released from York County Prison and transported back to Maryland, where he is currently serving his sentence at Western Correctional Institution in Cumberland, Maryland (Inmate Number: 301-729). As previously mentioned, Petitioner was convicted of armed robbery in Maryland, prior to the charges in York County.  As of today, Petitioner's projected release date for his Maryland sentence is set for October 20, 2025.

## III.    STANDARD OF REVIEW

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254.  A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.' *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts.  The AEDPA imposes a highly deferential standard for

evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt.  *Felkner v. Jackson*, ---- U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010).   A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc)*.  A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps.  First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888  (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-

25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24

(1st Cir. 2002)).  Then, if the court determines that the state court's decision was not

"contrary to" federal law, "either because the state court decision complies with the

Supreme Court rule governing the claim, or because no such rule has been established,"  the

court must determine whether the state court's application of federal law was an

"unreasonable application" of the Supreme Court rule.  *Id*. at 889.  Unreasonableness is an

objective determination; a state court decision is unreasonable if, "evaluated objectively and

on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing

Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21

(2003).

## IV.    DISCUSSION

As a preliminary matter, we find that this Court has jurisdiction over this instant

Petition for Habeas Corpus pursuant to 28 U.S.C. §2254 in which he claims the

Commonwealth illegally detained him after the dismissal of his charges and while the

Commonwealth's appeal was pending. Additionally, Petitioner is challenging his convictions

that followed thereafter. *See Rockwell v. Sobina*, 2010 WL 5583816, *1 (W.D. Pa. 12-13-

10).

In *Rockwell v. Sobina*, 2010 WL 5583816, *1, the Court stated:

The IAD is a compact among 48 states, the District of Columbia, Puerto Rico,
the Virgin Islands, and the United States. It is a congressionally sanctioned interstate
compact within the meaning of the Compact Clause of the United States
Constitution, U.S. Const. Art. I § 10 cl. 3, and thus is a federal law subject to federal
construction. *New York v. Hill,* 528 U.S. 110, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000)

(citations omitted); *Johnson v. Williams,* 666 F.2d 842, 844 n. 1 (3d Cir.1981) ("[T]he
IAD has been held to constitute a law of the United States[.]") (citations omitted). It
is codified in Pennsylvania at 42 Pa.C.S. § 9101 *et seq.*

*See also Lewis v. Nelson*, 2007 WL 1575061, *1, n. 2 (E.D. Pa. 5-30-07)("the [IAD] is an

interstate compact governing the procedures by which incarcerated persons may be

transferred from one state's custody to another state's custody.").  Pennsylvania is a party to

the IAD.  *(Id.).*

The Court in *Rockwell v. Sobina*, 2010 WL 5583816, *2, also stated:

> The IAD establishes procedures for member states to effect the expeditious
> and orderly disposition of out-of-state criminal charges pending against
> persons incarcerated in state institutions. In relevant part, it provides for the
> delivery of temporary custody of a prisoner to the receiving state for trial prior
> to the completion of a prisoner's sentence in the sending state. And, it
> seeks to minimize the consequent interruption of the prisoner's ongoing
> prison term and prevent prosecutorial abuses of the detainer that potentially
> allow a prisoner to languish in a separate jurisdiction under the
> constant but uncertain threat of further prosecution. IAD Art. I; *See, e.g.,
> McCandless v. Vaughn,* 172 F.3d 255 (3d Cir.1999); *Cooney v. Fulcomer,*
> 886 F.2d 41 (3d Cir.1989).
>
> The IAD provides at Article III(a) that:
> Whenever a person has entered upon a term of imprisonment in a
> penal or correctional institution of a party State, *and whenever during the
> continuance of the term of imprisonment there is pending in any other party
> State any untried indictment, information, or complaint on the basis of
> which a detainer has been lodged against the prisoner,* he shall be brought
> to trial within one hundred and eighty days after he shall have caused to be
> delivered to the prosecuting officer and the appropriate court of the
> prosecuting officer's jurisdiction written notice of the place of his
> imprisonment and his request for a final disposition to be made of the
> indictment, information, or complaint[.]
>
> (Emphasis added). If the prisoner requests final disposition of those charges,
> then the receiving state must bring him to trial within 180 days of his request
> for disposition of the charges or dismissal of those charges will result. IAD
> Art. III(a)-(d).

11

Petitioner Horne seeks this Court to "determine the legality of [Petitioner's] extended custody during the Commonwealth's appeal and any trial court action on convictions thereafter." (Doc. 17).[4]  Petitioner claims that he should not have had to remain in YCP while the appeal of the dismissal of the York County charges against him was pending and that he does not have any adequate state court remedies. (*Id*.).

In response to the Habeas Petition, Respondents filed a Motion to Dismiss for Failure to Exhaust State Court Remedies.  As discussed below, we agree with Respondents. We recommend  the Respondents' Motion be granted and Petitioner's Habeas Corpus Petition be dismissed without  prejudice, to re-file it after he exhausts his state court remedies. Further this court would like to make note that, Petitioner included in his Petition the only two of the four conviction convictions, namely CP-67-CR-02000702-2011 and  CP-67-CR-02000703-2011. Therefore, in the discussion below, we will only be addressing the Habeas Petition as it relates to these two convictions.[5]

Respondents in their Motion state that pursuant to 28 USC §2254(b), a Petition for Habeas Corpus may not be granted where the state's prisoner has not exhausted his state

---

[4] As previously mentioned, the Petitioner is in Maryland serving his 20 year sentence for armed robbery. Therefore, he is not currently serving his sixteen (16) to forty-eight (48) year sentence on his convictions in York County. Even though Petitioner was released from YCP, we find that his Habeas Petition is not moot because Petitioner is challenging his detainment at YCP while the DA's appeal was pending and the convictions that followed thereafter.

[5] Petitioner did not include in his Petition cases CP-67-CR-02000704-2011 and  CP-67-CR-02000706-2011. Also, we would like to note that even if he had, the Petitioner has not exhausted his states remedies, as they relate to those cases, because he has not appealed cases these two cases to any Pennsylvania State Court.

court remedies.  Respondents argue that, "Pursuant to Pennsylvania Rule of Appellate procedure rule 341, the defendant would have 30 days from the time that the final order (sentencing) is imposed to file his notice of appeal to the Pennsylvania Superior Court. At this time the defendant has the entirety  for his direct appeal and collateral appellate rights remaining." ( Doc. 19).

We find that Respondents are correct in that Petitioner has timely filed a direct appeal in Case Numbers CP-67-CR-02000702-2011 and  CP-67-CR-02000703-2011, and that Petitioner has the ability to file a Petition for Review to the Pennsylvania Supreme Court.

Petitioner in his Objections to Respondents' Motion argues that he did raise the issues of his Habeas Petition in case no. 683 MDA 2011. (Doc. 22).  Additionally, he argues that the Superior Court in that case "chose to forgo the rights of the Petitioner in favor of the IAD's procedural rights and safeguards of the Commonwealth thereby choosing not to address the merits of the violation of the Petitioner's rights." ( Doc. 22).

We acknowledge that Petitioner did raise the issues of his Habeas Petition in case 683 MD 2011, however, the Superior Court in that case found that the trial court erred when they dismissed Petitioner's charges without first holding a hearing and determining whether the Commonwealth had violated the IAD. (Doc. 19-3). Because the Court then had a hearing and determined the Commonwealth did not violate the IAD, the Petitioner's cases were separately called for trial. Petitioner was found guilty on all four (4) cases and, to date, has filed a direct appeal on case numbers CP-67-CR-02000702-2011 and CP-67-CR-

02000703-2011. Therefore, because Petitioner in his appeal can raise the issues of this present Petition, Petitioner has not yet exhausted his state remedies.

We find that Petitioner does have adequate state court remedies, and that because his appeals on case numbers  CP-67-CR-0000702-CP-and 67-CR-0000703-2011 2011 are presently pending before the Pennsylvania Superior Court, this federal court should not intervene at this juncture.  Before the merits of a petition may be discussed, a federal court must consider whether petitioner has exhausted his state remedies.  Exhaustion is required in habeas cases as a matter of comity in order to give state courts the initial opportunity to correct their own errors.  *See Lambert v. Balckwell*, 387 F. 3d 210, 231 (3d Cir. 2004); *Lewis v. Nelson*, 2007 WL 1575061, *2.

In this case, Petitioner is challenging the legality and authorization of his detention at YCP, but he has not yet exhausted his remedies available in the Pennsylvania courts. The York County Criminal docket sheets indicate Petitioner has appealed his convictions in case numbers CP-67-CR-0000702-2011 and CP-67-CR-0000703-201. Since he has two (2) appeals currently pending before the Superior Court, Petitioner has not exhausted all of his state remedies.

Ordinarily, a state prisoner must exhaust his state court remedies before the federal courts consider the claims.  28 U.S.C. §2254(b); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

In *Dunn v. Wynder*, 2006 WL 2850631, *1 (M.D. Pa.), the Court stated:

Generally, a federal court may not entertain a petition for a writ of

14

habeas corpus unless the petitioner has first exhausted his state court remedies. FN3 *Lee v. Stickman,* 357 F.3d 338, 341 (3d Cir.2004), citing 28 U.S.C. §§ 2254(b) and (c); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer,* 941 F.2d 246, 249 (3d Cir.1991).

FN3. Exhaustion is excused if there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant. *Lines v. Larkins,* 208 F.3d 153, 163 (3d Cir.2000), quoting 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Hence, exhaustion is not required if there is inordinate delay in state procedures, *id.* at 250, or if state officials have obstructed the petitioner's attempts to
        Obtain state remedies." *Id.* at 163, citing *Mayberry v. Petsock,* 821 F.2d 179 (3d Cir.1987).

*Lee v. Stickman*, 357 F. 3d 338, 341 (3d Cir. 2004).  *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Parker*, 429 F.3d 61-62; *Shelley v. Patrick*, 2008 WL 2234639 (W.D. Pa.).

As the Court stated in *Bentley v. Tennis*, 2010 WL 5140029, 5-6 (M.D. Pa. 12-9-10):

"The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts.  *Picard v. Conner*, 404 U.S. 270, 274 (1971).  Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts.  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997).

In the instant case, it is clear that Petitioner Horne has not "fairly presented" all the issues raised in his habeas petition in state court.

The *Dunn* Court stated:

> A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000), citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997). Petitioner has not exhausted his state court remedies. He currently has pending a PCRA petition in the Mifflin County Court of Common Pleas. It appears that on August 24, 2006, a motion to dismiss the petition was filed by the District Attorney's Office. The motion has not yet been addressed by the county court. This court must allow the PCRA proceedings to conclude before entertaining the pending habeas corpus petition. To avoid the risk that a second 2254 petition will be barred by the expiration of the one-year statute of limitations while Petitioner is exhausting state court remedies, the court must decide whether to stay the instant petition rather than dismiss it. *See Crews v. Horn,* 360 F.3d 146 (3d Cir.2004).

> Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The limitations period is also tolled for the time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C.  2244(d)(2).

> Given the procedural history of the state post-conviction proceedings, the court can dismiss this petition rather than stay it because, even on the strictest calculation of the limitations period, Petitioner still has time to return to federal court after exhausting state court remedies.

2006 WL 2850631, *1-*2.

In *Lewis v. Nelson*, 2007 WL 1575061, *3, the Court stated:

> In the instant case, Petitioner's claim is unexhausted because he never raised his IAD claim in the Pennsylvania State Court system. The exhaustion requirement applies to claims of IAD violations, just as it applies to any other habeas claim. *See McCandless v. Vaughn,* 172 F.3d 255 (3d Cir.1999).

16

*******************************************************************
> Since Pennsylvania is the jurisdiction that issued the detainer, only
> Pennsylvania has an interest in having Petitioner exhaust his state remedies
> before bringing a habeas challenge against the detainer under the IAD. *See
> Cameron v. Taylor,* 2007 WL 542377 (D.N.J. Feb.16, 2007). Accordingly,
> since Petitioner did not bring this claim in the Pennsylvania State Court
> system, his claim is unexhausted and should be dismissed on that basis.

It appears that under the IAD, if the York County District Attorney's Office had sent

Petitioner Horne back to Maryland while its appeal was pending without trying him on the

four robbery charges that led to the detainer being issued, then the charges Petitioner was

previously not tried on would be dismissed even if the DA was later successful in its appeal

to the Pennsylvania Superior Court.

Petitioner Horne states "that no adequate state remedy exist[s] for the petitioner to

pursue." (Doc. 17). As previously stated, we find that Petitioner Horne has adequate state

court remedies available to him and that these remedies are in the process of being utilized.

Petitioner's ability to appeal the decisions of the CCP to the Superior and Supreme Court of

Pennsylvania is considered adequate state court remedies.

Thus, we will recommend that Petitioner Horne's Habeas Petition be dismissed

without prejudice because Petitioner has not exhausted his state court remedies regarding

any of the four aforementioned convictions.  We find that Petitioner must exhaust his

available state court remedies with respect to his claims challenging his previous YCP

detention.  We also find, based on the Petitioner's pending state court appeals, that

dismissal without prejudice of Petitioner's habeas petition is appropriate as opposed to

staying this case because Petitioner's one year AEDPA limitation period will not commence

17

to run while his appeal is pending . *See Myers v. Warden of SCI-Albion,* 2010 WL 1838178

(M.D. Pa. 5-6-10).

## V.    RECOMMENDATION

Based upon the foregoing, it is respectfully recommended that Petitioner Horne's

Petition for Writ of Habeas Corpus (**Doc.17)** be **DISMISSED WITHOUT PREJUDICE**.


<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: August 10, 201**2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COREY RICHARD HORNE, | : | CIVIL ACTION NO. **1:11 CV-1062** |
| | : | |
| Petitioner | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS KEARNEY, | : | |
| District Attorney, York County, and | : | |
| MARY SABOL, | : | |
| Warden York County Prison, | : | |
| | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August 10, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *Defendant novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,

19

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.  Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                           **s/ Thomas M. Blewitt**
                                           **THOMAS M. BLEWITT**
                                           **United States Magistrate Judge**

**Dated: August 10, 2012**