IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY RICHARD HORNE, | : | |
|     Petitioner | : | Civil Action No. 1:11-cv-01062 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| THOMAS KEARNEY, District Attorney, | : | (Magistrate Judge Blewitt) |
| York County, et al., | : | |
|     Respondents | : | |

## MEMORANDUM ORDER

On August 10, 2012, Magistrate Judge Blewitt issued a Report and Recommendation, wherein he recommended that Petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed without prejudice for failure to exhaust state court remedies. (Doc. No. 25.) No timely objections were filed. Accordingly, on August 28, 2012, the Court adopted the Report and Recommendation and dismissed Petitioner's amended habeas petition without prejudice. (Doc. No. 26.) On October 3, 2012, Petitioner filed a motion for reconsideration of that order, alleging that he "was not served with the Report & Recommendation until Monday August 20th, the deadline date to actually have an objection filed" and that he was in the process of drafting objections when he received the Court's August 28, 2012 order. (Doc. No. 27.)

Generally, a party seeking reconsideration of a motion must demonstrate one of the following three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [entered] judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration are devices of limited

1

utility, to be used neither as a means to relitigate or rehash legal principles and arguments already presented to the court nor to present additional arguments that could, or should, have been raised before judgment was entered. See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (motions for reconsideration cannot be used to gain a "second bite" at the apple); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

The crux of Petitioner's motion for reconsideration is that Magistrate Judge Blewitt erred in concluding that Petitioner has failed to exhaust his state court remedies. Petitioner argues that the state court failed to address the claims he has presented in his Section 2254 petition and that the state court's "choice to evade the . . . claim[s] resulted in a decision that was contrary to as well as involved an unreasonable application of clearly established federal law." (Doc. No. 28 ¶ 10.) Magistrate Judge Blewitt thoroughly addressed this argument in his Report and Recommendation and concluded that Petitioner is still able to raise the claims in state court. The Court agrees. "[A] federal habeas court may not grant a petition for a writ of habeas corpus . . . unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Specifically, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In light of Petitioner's pending appeals in the Superior Court of Pennsylvania, the Court finds that Magistrate Judge Blewitt properly concluded that state court review of Petitioner's claims remains available. As a result, the Court will not grant reconsideration of the August 28, 2012 order denying Petitioner's habeas petition without prejudice and denying a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar

is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

**ACCORDINGLY**, on this 4th day of December 2012, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. No. 27) is **DENIED**. This matter shall remain closed.

                                             S/ Yvette Kane
                                             Yvette Kane, Chief Judge
                                             United States District Court
                                             Middle District of Pennsylvania